INDIAN LAND & TRUST CO. v. FEARS *et al.*

No. 876, Ind. T.    Opinion Filed November 23, 1908.

(98 Pac. 904.)

INDIANS—Indian Agents—Evictions. Section 19, Act of Congress, entitled "An act to ratify and confirm a supplemental agreement with the Creek Tribe of Indians, and for other purposes" (passed June 30, 1902, c. 1323, 32 Stat. 504), does not authorize the United States Indian agent of Indian Territory to evict, at the instance of the father and sole heir of a deceased allottee, parties in peaceable possession under claim of right to a tract of land allotted by and to such decedent prior to his death.

(Syllabus by the Court.)

*Error to the United States Court for the Western District of the Indian Territory; William R. Lawrence, Judge.*

Action by the Indian Land & Trust Company against W. S. Fears and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*William M. Mellette, Edward R. Jones,* and *Preston C. West,* for plaintiff in error.

*William T. Hutchings, George A. Murphey,* and *Wm. P. Z. German,* for defendants in error.

DUNN, J. In 1901 one Tommie Davis, a minor Creek Indian, made an improvement contract on his allotment, which ran

for a period of six years. Thereafter, and prior to becoming of age, he died, and his sole heir, his father, John Davis, made to the holder of this contract an agricultural lease of his deceased son's allotment for a term of five years. This lease was then assigned to plaintiff in error in this case, whose tenant was in peaceable possession under claim of right under such lease. After these things had taken place, and on December 31, 1903, the said John Davis procured J. Blair Shoenfelt, United States Indian agent of Indian. Territory, to make an order directed to Capt. John C. West, United States Indian police, directing him to proceed to the said allotment and place the allottee in possession and remove all parties objectionable to him therefrom, unless he found them in possession under a legal contract from said John Davis. On January 23, 1904, the said John C. West reported that on January 20, 1904, he had proceeded to the allotment, found parties in possession without a contract from the said Davis, and, in accordance with instructions, had placed him in possession, removing objectionable parties therefrom. At the time of this removal, these defendants in error, who were present and went into possession, and the plaintiff in error, the Indian Land & Trust Company, brought an action of forcible entry and detainer. Counsel for defendants in error in their brief state, "The only question in this case is the jurisdiction of the Indian agent to determine the right of occupancy of a part of the allotment of Tommie Davis, and his right to eject from said allotment any person occupying the same illegally."

The statute under which the Indian agent and police acted is section 19 of the act of Congress, passed June 30, 1902, c. 1323, 32 Stat. 504, entitled "An act to ratify and confirm a supplemental agreement with the Creek tribe of Indians, and for other purposes," and reads as follows:

."The Secretary of the Interior shall, through the United States Indian agent in said territory, immediately after the ratification of this agreement, put each citizen who has made selection of his

allotment in unrestricted possession of his land and remove there-from all persons objectionable to him; and when any citizen shall thereafter make selection of his allotment as herein provided and receive certificate therefor, he shall be immediately thereupon so placed in possession of his land, and during the continuance of the tribal government the Secretary of the Interior, through such Indian agent, shall protect the allottee in his right to possession against any and all persons claiming under any lease, agreement, or conveyance not obtained in conformity to law."

The contention of defendants in error is that the father, and sole heir of decedent, comes within the terms of this act, and that by reason thereof the United States Indian agent had full juris-diction to grant him the relief he asked, placing him in posses-sion of his deceased son's allotment by evicting parties objection-able to him, holding the same. With this we are unable to agree. For the consideration of this question, the controverted section may well be divided into two parts, the first part being:

"The Secretary of the Interior shall, through the United States Indian agent in said territory, immediately after the ratifi-cation of this agreement, put each citizen who has made selection of his allotment in unrestricted possession of his land and remove therefrom all persons objectionable to him."

We believe that it will scarcely be contended that this por-tion of the paragraph is at all applicable, as it, from its language, clearly applies to those only who, at the time of the ratification of the agreement mentioned, had made selection of allotments..

This, then, leaves the balance of the section, and, in support of the conclusion to which we have come, we desire to call par-ticular attention to some of its phraseology, and to this end itali-cize such portions as we regard controlling, when it will read as follows:

"And when any *citizen* shall *thereafter make* selection of *his* allotment as herein provided and *receive certificate* therefor, *he* shall be immediately thereupon placed in possession of his land, and during the continuance of the tribal government, the Secre-tary of the Interior, through such Indian agent, *shall protect the allottee* in *his* right to possession against any and all persons

claiming under any lease, agreement, or conveyance *not obtained in conformity to law."*

It seems to us that, when the words which we have stressed in the portion of the section here under discussion are given their proper weight and consideration, there can be no doubt that the heir was left to his ordinary civil remedies to secure possession of other lands than that which he himself had had allotted to him. Certainly the paragraph contains in itself nothing to show that it is to be more extended than this, and, while we have fully considered those portions of the act to which our attention is called by counsel for defendants in error, in our judgment they do not overcome the plain literal language used in the section.

It is rather an extraordinary power which is thus placed in the hands of the United States Indian agent, and we believe that it ought not to be extended by construction. Entertaining this view of the matter, the cause is reversed and remanded to the district court of Muskogee county, to be disposed of in accordance with the law as herein declared.

All the Justices concur.